IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AIDA D. RIVERA MARTINEZ,
et al.,

    Plaintiffs,

    v.

COMMONWEALTH OF PUERTO RICO,
et al.,

    Defendants.

CIVIL NO. 03-2012 (RLA)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, the PUERTO RICO TREASURY DEPARTMENT as well as the COMMONWEALTH OF PUERTO RICO, have moved the Court to dismiss the instant suit. The Court having reviewed the memoranda submitted by the parties hereby finds as follows.

Plaintiff, AIDA D. RIVERA MARTINEZ, commenced working in the TREASURY DEPARTMENT Human Relations Department in the Appointment and Transfer Division in August 1992 where on March 15, 2001 plaintiff was transferred to the Training Center within the Human Relations Department. Plaintiff claims that subsequent to her transfer she was subjected to sexual harassment by her supervisor, EDUARDO RIVERA MARRERO, which she contends created a hostile work environment.

In her complaint plaintiff RIVERA-MARTINEZ seeks relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") as well a Puerto Rico's sex discrimination statute, Law No. 100 of June 30, 1959, 29 P.R. Laws

**CIVIL NO. 03-2012 (RLA)**                                                              **Page 2**

Ann. § 146 (2002) ("Law 100") and Art. I, Sec. II of the Puerto Rico Constitution for breach of her human dignity protection. Additionally, both MRS. RIVERA and her husband seek damages under Puerto Rico's tort provisions as established in art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 (2002).

The Title VII claims asserted against EDUARDO RIVERA MARRERO individually as well as the Law 100 and art. 1082 claims were dismissed.[1] Accordingly, only the constitutional cause of action remains under our supplemental jurisdiction.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997). A genuine issue exists if there is sufficient evidence supporting the claimed

---

[1] *See*, Partial Judgment issued on August 19, 2004 (docket No. 34).

**CIVIL NO. 03-2012 (RLA)**                                                    **Page 3**

factual disputes to require a trial. Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. Morrissey v. Boston Five Cents Sav. Bank, 54 F. 3d 27, 31 (1st Cir. 1995).

"In ruling on a motion for summary judgment, the court must view 'the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.'" Poulis-Minott v. Smith, 388 F.3d 354, 361 (1st Cir. 2004) (citing Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir.1995)).

Credibility issues fall outside the scope of summary judgment. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). *See also*, Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000) ("court should not engage in credibility assessments."); Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 49 (1st Cir. 1999) ("credibility determinations are for the factfinder at trial, not for the court at summary judgment."); Perez-Trujillo v. Volvo Car Corp., 137 F.3d 50, 54 (1st

**CIVIL NO. 03-2012 (RLA)**                                              **Page 4**

Cir. 1998) (credibility issues not proper on summary judgment); Molina Quintero v. Caribe G.E. Power Breakers, Inc., 234 F.Supp.2d 108, 113 (D.P.R. 2002). "There is no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, and no room for the judge to superimpose his own ideas of probability and likelihood. In fact, only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment.". Cruz-Baez v. Negron-Irizarry, 360 F. Supp.2d 326, 332 (D.P.R. 2005) (internal citations, brackets and quotation marks omitted).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, Anderson v. Liberty Lobby, Inc., 477 U.S. at 256-257, 106 S.Ct. 2505, 91 L.Ed.2d 202; Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2000); Grant's Dairy v. Comm'r of Maine Dep't of Agric., 232 F.3d 8, 14 (1st Cir. 2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 412 (1st Cir. 2000); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

**CIVIL NO. 03-2012 (RLA)**                                                            **Page 5**

## HOSTILE WORK ENVIRONMENT

The protection against discrimination in employment based on sex provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) has been expanded to areas beyond strictly "economic" and "tangible discrimination" to situations where "sexual harassment is so severe or pervasive as to alter the condition of the victim's employment and create an abusive working environment." Faragher v. City of Boca Raton, 524 U.S. 775, 786, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662, 675 (1998) (citations, internal quotation marks and brackets omitted); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295, 302 (1993); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 2404-05, 91 L.Ed.2d 49, 60 (1986); Noviello v. City of Boston, 398 F.3d 76, 92 (1st Cir. 2005).

Ascertaining which particular conduct falls within the "severe or pervasive" realm in order to trigger Title VII protection is no easy task. However, "in order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher, 524 U.S. at 787, 118 S.Ct. at 2283, 141 L.Ed.2d at 676; Noviello, 398 F.3d at 92. The Court will examine the totality of the circumstances to determine whether the degree of the hostile or abusive environment the employee is subjected to is intense enough

to fit within Title VII protection. Faragher, 524 U.S. at 787, 118 S.Ct. at 2283, 141 L.Ed.2d at 676; Noviello, 398 F.3d at 92; Lee-Crespo v. Schering-Plough del Caribe, Inc., 354 F.3d 34, 46 (1st Cir. 2003); Che v. Mass. Bay Transp. Auth., 342 F.3d 31, 40 (1st Cir. 2003).

> [W]hether the environment is objectively hostile or abusive must be answered by reference to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance.

Marrero v. Goya de P.R., Inc., 304 F.3d 7, 18-19 (1st Cir. 2002) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)) (internal citations omitted); Noviello, 398 F.3d at 92; Lee-Crespo, 354 F.3d at 46; Che, 342 F.3d at 40; Gorski v. New Hampshire Dep't of Corrections, 290 F.3d 466, 472 (1st Cir. 2002); Conto v. Concord Hosp., Inc., 265 F.3d 79, 82 (1st Cir. 2001); O'Rourke v. City of Providence, 235 F.3d 713, 729 (1st Cir. 2001).

The First Circuit Court of Appeals summarized the elements plaintiff must prove in order to succeed in her hostile work environment claim as set forth by the Supreme Court. These are:

**CIVIL NO. 03-2012 (RLA)**                                                                 **Page 7**

> (1) that she... is a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established.

O'Rourke, 235 F.3d at 728.

A hostile work environment may result from "sexual remarks, innuendoes, ridicule and intimidation ... disgusting comments" Goya, 304 F.3d at 19 (citations and internal quotations omitted) "unwelcome sexual advances or demands for sexual favors" Gorski, 290 F.3d at 472 (citations and internal quotations omitted) which are "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." O'Rourke, 235 F.3d at 728 (citations and quotation marks omitted). *See also*, Noviello, 398 F.3d at 84.

Courts must discern between "commonplace indignities typical of the workplace (such as tepid jokes, teasing, or aloofness... and severe or pervasive harassment... [and] [t]he thrust of this inquiry is to distinguish between the ordinary, if occasionally unpleasant,

**CIVIL NO. 03-2012 (RLA)**                                                    **Page 8**

vicissitudes of the workplace and actual harassment." *Id* at 92. *See also*, Lee-Crespo, 354 F.3d at 37 (supervisor's conduct found "boorish and unprofessional" and plaintiff "subjected to incivility" "but... incidents... not severe or pervasive enough to alter the terms and conditions of [plaintiff's] employment").

It is plaintiff's burden to establish the severity and pervasiveness of the harassment sufficient to alter the conditions of her employment. Conto, 265 F.3d at 82. In this particular case plaintiff must also present evidence that the harassment was based on her gender. Lee-Crespo, 354 F.3d at 44 n.6.

Apart from some generalized conclusory allegations, in essence, plaintiff's evidence of harassment is reduced to two incidents. In the first one - which allegedly occurred late 2001 - plaintiff claims that she was "sexually touched in her forearm" by MR. RIVERA MARRERO in that "he gently caressed her forearm in an up and down motion" and that she immediately confronted him and "in a very angry manner" told him not to touch her.[2]

Additionally, plaintiff points to a meeting held at RIVERA MARRERO's office on September 20, 2002 in which another employee, DELIA ZAYAS, was also present. According to plaintiff's deposition testimony, RIVERA MARRERO "proceeded to admonish me in the presence of Mrs. Zayas, indicating to me that I had yelled to [another

---

[2] Plaintiffs' Statement of Uncontested and Contested Facts (docket No. 62) p.5.

employee] making reference to a memorandum stating that the calls should be passed through the intercom."[3]  Plaintiff described RIVERA MARRERO's tone as "very strong" and his demeanor as "threatening". Plaintiff further noted that she denied having acted improperly and asked RIVERA MARRERO why was she being admonished when there were "some irregularities in the center".[4]

> When I said that there were some irregularities being committed, it was then that Mr. Rivera got up from his desk and proceeded to grab me and to push me towards the door. He grabbed (sic) by the shoulder, my left shoulder, he proceeded to touch the brassiere area, he grabbed me with his right hand on my left hip, touching more or less the area of the hip and the rear side and proceeded to turn my body towards the door, pushing me, pushing me with his body towards the door until he gets me out, pushing me.

Plaintiff's depo. p.27.

Assuming plaintiff's version of events as true, we find it does not meet the severity and pervasiveness required to alter her conditions of employment necessary to be actionable under Title VII. First, we are dealing with only two incidents close to a year apart from each other. Further, there is no evidence that the last episode was predicated on plaintiff's gender. Rather, her supervisor's

---

[3] Plaintiff's depo. p.26.

[4] *Id.*

**CIVIL NO. 03-2012 (RLA)**                                                      **Page 10**

touching, albeit not condoned by the Court, was part of a heated exchange between them which culminated in plaintiff being physically pushed out of the office by RIVERA ZAYAS in the presence of a third party.

Instead, it appears from the evidence on record that it was RIVERA MARRERO's disagreeable manners and constrained management style which created problems with his staff.

Based on the foregoing, plaintiff's Title VII claim is hereby **DISMISSED**.[5]

### SUPPLEMENTAL JURISDICTION

The Court having dismissed the federal-based cause of action, plaintiffs' remaining state law claim asserted pursuant to Art. I, Sec. II of the Puerto Rico Constitution for breach of her human dignity protection is hereby **DISMISSED WITHOUT PREJUDICE**. *See*, McBee v. Delica Co., Ltd., ___ F.3d ___ 2005 WL 1805186 (1st Cir. Aug. 2, 2005); Gonzalez v. Family Dept., 377 F.3d 81, 89 (1st Cir 2004).

### CONCLUSION

---

[5] Plaintiffs having failed to establish a viable claim under Title VII we find it unnecessary to address defendants' arguments regarding its affirmative defense under Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

**CIVIL NO. 03-2012 (RLA)**                                                                                                          **Page 11**

Based on the foregoing, defendants' Motion for Summary Judgment (docket No. **54**) is **GRANTED**.[6]

Accordingly, plaintiff's Title VII claim is hereby **DISMISSED** and the remaining state law claim asserted pursuant to Art. I, Sec. II of the Puerto Rico Constitution for breach of her human dignity protection is hereby **DISMISSED WITHOUT PREJUDICE**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 22nd day of August, 2005.

                                                S/Raymond L. Acosta
                                                RAYMOND L. ACOSTA
                                          United States District Judge

---

[6] *See*, Plaintiffs' Reply and Opposition (docket No. **63**) and Motion Submitting Exhibits... (docket No. **66**). Plaintiffs are admonished that these exhibits must be translated in the event of an appeal. *See*, <u>Ramos-Baez v. Bossolo-Lopez</u>, 240 F.3d 92, 94 (1st Cir. 2001) ("Court may not consider non-English documents unless a translation is provided."); *see also,* 1st Cir. R. 30(d) ("The court will not receive documents not in the English language unless translations are furnished.").